# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK CHANDLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: |
| v. ) | |
| ) | TRIAL BY JURY OF 12 |
| MONRO MUFFLER ) | DEMANDED |
| BRAKE, INC. AND ) | |
| DAVID STOVER ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Frank Chandler, sues Defendant, Monro Muffler Brake, Inc. and David Stover shows:

## Introduction

1. This is an action by Frank Chandler against his former employer for unpaid overtime and unpaid wages pursuant to the Fair Labor Standards Act. By the filing of this action, Plaintiff seeks damages and reasonable attorney's fees. Other claims are Breach of Contract and violations of the Delaware Wage and Payment Act under 19 Del. C. 1101 et seq.

## JURISDICTION

2. This action arises under the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), 29 *U.S.C.* § 207. This Court has jurisdiction pursuant to 29 *U.S.C.* 216(b).

## THE PARTIES AND GENERAL ALLEGATIONS

3. Plaintiff, Frank Chandler is and was at all times relevant hereto, a resident of Milford, Delaware.

4. Defendant, Monro Muffler Brake, Inc. is a public corporation organized and existing under the laws of the State of New York.

5. Defendant David Stover, as a store manager, acted and acts directly in the interests of Defendant Monro, in relation to its employees. Thus, David Stover was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d

6. On or around June 12, 2019, Frank Chandler (hereinafter "Chandler") was offered and accepted the position of Automotive Assistant Store Manager at Mr. Tire Service Centers, (hereinafter "Mr. Tire"), a wholly owned subsidiary of defendant Monro Muffler Brake, Inc. (hereinafter "Monro") for Store Number 1210 located at 5 Gerald Court, Delmar, Delaware.

7. At the time of his hiring, Chandler was offered a starting salary of $50,000.00 per year by district manager Mike Hamner.

8. In addition to his salary, Chandler was eligible for bonus pay in an amount based upon store sales performance.

9. Moreover, although a manager, based upon duties and responsibilities, Chandler remained eligible for overtime pay pursuant to the FLSA.

10. Chandler routinely worked more than 40 hours per week.

11. Throughout his employment tenure with Monro, Chandler experienced numerous pay irregularities.

12. Corporate was thought he was exempt on salary but stopped paying him by salary after his first week working there.

13. Among the recurring pay irregularities Chandler experienced was persistent failure to be paid overtime as required by 29 *U.S.C.* § 207(a)(1).

14. Not only did Chandler not receive overtime pay at any point during his employment with Monro, there were also irregularities with his regular and bonus pay.

15. At a minimum, Chandler routinely worked more than 40 hours per week and is owed thousands of dollars of overtime pay

16. As a result of the persistent lack of overtime and routine pay irregularities that Chandler experienced, he terminated his employment with Monro in or around December of 2019.

17. Chandler was at all times relevant hereto, an employed by Monro as defined under 29 *U.S.C.* § 203(e).

18. Defendant's businesses in the State of Delaware are an enterprise engaged in an industry affecting commerce, and is an employer as defined under 29 *U.S.C.* § 203(d), which have employees subject to the provisions of the FLSA, 29 *U.S.C.* § 207, in the location where Chandler was employed.

### COUNT I: VIOLATION OF FLSA BY DEFENDANTS MONRO AND STOVER

19. Plaintiff Chandler, realleges, as if fully set forth in Count I, the allegations in Paragraphs 1 – 18 above.

20. Since on or about June 12, 2019 up to and including December of 2019, Defendant Monro violated provisions of § 7 of the Act [29 *U.S.C.* § 207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically, Chandler, since June 12, 2019, has worked in excess of 40 hours a week frequently during his employment with Monro, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

21. The failure to pay overtime compensation to Chandler is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the

provisions of 29 *U.S.C.* § 213(a), in that he was neither a bona fide executive, administrative, or professional employee.  In the alternative, if Chandler was exempt, Defendant's actions and/or conduct have effectively removed any exemption that may have applied to him.

22. Defendant's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and Marlow's status as a non-exempt, but chose not to pay him in accordance with the Act.

23. Chandler is entitled, pursuant to 29 *U.S.C.* § 216(b), to recover from Defendant Monro:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action; and

    d. A reasonable attorney's fee.

## COUNT II
## WAGES DUE UNDER 19 DEL. C §1111 AGAINST DEFENDANT MONRO

24. Paragraphs 1 through 23 are hereby realleged and incorporated herein by reference as if fully set forth herein.

25.     Defendant Monro, as employer, has, without any reasonable grounds for dispute, failed to pay the Plaintiff's wages on a timely basis as required under 19 Del. C. 1101 et seq.

26.     Defendant is liable to Plaintiff for liquidated damages in the amount of 10 percent of the unpaid wages for each day, except Sunday and legal holidays, upon which such failure continues after the day upon which payment is required or in an amount equal to the unpaid wages.

### COUNT III - BREACH OF CONTRACT AGAINST MONRO

27.     Paragraphs 1-26 are incorporated herein as if fully stated.

28.     On June 12, 2019, Frank Chandler entered into a contract when he was offered and accepted the position of Automotive Assistant Store Manager with Monro.

29.     Defendant Monro agreed to pay Plaintiff a yearly salary of $50,000.00 with bonuses,

30.     Defendant Monro wrongfully breached the terms and conditions of the contract by not paying Plaintiff the agreed to compensation package.

31.     As a result of Defendant's breach of contract, Plaintiff has suffered significant financial injury.

### COUNT IV: PROMISORRY ESTOPPEL AGAINST DEFENDANT MONRO

32. Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

33. "To prevail on a promissory estoppel claim, a plaintiff must establish that: (i) a promise was made; (ii) it was the reasonable expectation of the promisor to induce action or forbearance on the part of the promisee; (iii) the promisee reasonably relied on the promise and took action to his detriment; and (iv) such promise is binding because injustice can be avoided only by enforcement of the promise.

34. Here, Defendant Monro, via its authorized agents, promised Plaintiff a yearly salary of $50,000.00 plus bonus if he accepted and performed the position.

35. Plaintiff reasonably relied on those promises and took action to his detriment.

36. The promise is binding because injustice can be avoided only by enforcement of the promise.

37. Plaintiff Chandler suffered damages as a result.

**WHEREFORE,** Plaintiff, Frank Chandler, prays that this Court will grant judgment in his favor and against Defendant, Monro Muffler Brake, Inc.:

　　a. Awarding Chandler payment of overtime compensation and compensation found by the court to be due to him under the Act, including pre-judgment interest;

    b. Awarding Chandler an additional equal amount as liquidated damages;

    c. Awarding additional liquidated damages for unreasonably delayed payment of wages;

    d. Awarding Chandler his costs, including a reasonable attorney's fee; and

    e. Granting such other relief as is just and equitable.

           **THE POLIQUIN FIRM, LLC**

           */s/ Ronald G. Poliquin, Esquire*
           Ronald G. Poliquin, Esquire
           DE I.D. No.: 4447
           1475 S. Governors Avenue
           Dover, DE 19904
           (302) 702-5501
           Attorney for Plaintiff

Dated:  December 23, 2020